NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RACHEL N. AGRESS (Cal. Bar No. 281703)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0487
     Facsimile: (213) 894-6269
     E-mail:    rachel.agress@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-cr-00072-JAK |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANGEL PHILIP ANGULO, JR., | |
| Defendant. | **CURRENT TRIAL DATE:   07-07-20**<br>**PROPOSED TRIAL DATE:  02-02-21** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Rachel Agress, and defendant ANGEL PHILIP ANGULO, JR. ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Claire Simonich, hereby stipulate as follows:

1.   The Indictment in this case was filed on March 12, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 15, 2020.  The

1 Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2 trial commence on or before July 24, 2020.
3     2.   On May 15, 2020, the Court set a trial date of July 7, 2020
4 at 9:00 a.m. and a status conference date of June 25, 2020 at 8:30
5 a.m.
6     3.   Defendant is detained pending trial.  The parties estimate
7 that the trial in this matter will last approximately two to three
8 days.
9     4.   By this stipulation, defendant moves to continue the trial
10 date to February 2, 2021 at 9:00 a.m. and the pretrial status
11 conference to January 21, 2021 at 8:30 a.m.  This is the first
12 request for a continuance.
13     5.   Defendant requests the continuance based upon the following
14 facts, which the parties believe demonstrate good cause to support
15 the appropriate findings under the Speedy Trial Act:
16        a.   Defendant is charged with violation of 21 U.S.C. §§
17 841(a)(1), (b)(1)(A)(viii):  distribution of methamphetamine.  The
18 government has produced or will produce discovery to the defense,
19 including approximately 50 pages of written reports, photographs and
20 text message communications, toll records, over 200 pages of
21 documents related to defendant's criminal history including state
22 conviction records, and approximately 20 pages of audio and video
23 transcripts along with the underlying audio and video recordings,
24 among other things.
25        b.   Defense counsel is presently scheduled to be in the
26 following trials: a single-defendant illegal reentry trial in <u>United
27 States v. Hector Ruiz Solis</u>, Case No. CR 20-00132-PA, scheduled to
28 begin on August 4, 2020, which is estimated to last approximately 2-3

1  days; a multiple-defendant mail theft trial in United States v.
2  Cynthia Rodriguez, Case No. CR 19-00750-FMO, scheduled to begin on
3  August 4, 2020, which is estimated to last approximately 2-3 days; a
4  multiple-defendant drug distribution trial in United States v. James
5  Williams, Case No. CR 19-00427-VAP, scheduled to begin on August 18,
6  2020, which is estimated to last approximately 10 days; a multiple
7  defendant drug distribution trial in United States v. Karla Garcia
8  Ibarra, Case No. CR 19-00231-FMO, scheduled to begin on August 18,
9  2020, which is estimated to last approximately 4-6 days; a single-
10 defendant felon in possession trial in United States v. Jerome Brown,
11 Case No. CR 19-000579-RGK, scheduled to begin on August 25, 2020,
12 which is estimated to last approximately 2 days; a single-defendant
13 illegal reentry trial in United States v. Noemi Europa-Soriano, CR
14 19-666-MWF, scheduled to begin on September 15, 2020, which is
15 estimated to last approximately 2 days; a single defendant drug
16 distribution trial in United States v. Jonathan Richardson, CR 19-
17 633-AB, scheduled to begin on September 15, 2020, which is estimated
18 to last approximately 2-3 days; and a multiple-defendant drug
19 distribution trial in United States v. Henry Quintanilla, CR 19-775-
20 FMO, scheduled to begin on November 3, 2020, which is estimated to
21 last approximately 3 days.  Accordingly, counsel represents that she
22 will not have the time that she believes is necessary to prepare to
23 try this case on the current trial date.
24        c.   On March 13, 2020, following the President's
25 declaration of a national emergency in response to COVID-19, the
26 Court entered a General Order suspending jury selection and jury
27 trials scheduled to begin before April 13, 2020.  C.D. Cal. General
28 Order No. 20-02, In Re: Coronavirus Public Emergency, Order

Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The Court subsequently continued that suspension through June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Apr. 13, 2020).

      d.    Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020), 20-044 (March 31, 2020) and 20-080 (June 26, 2020).

      e.    These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See General Order 20-02, at 1. The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. See Order of the Chief Judge No. 20-042, at 1-2.

   f. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District are closed through the summer of 2020.

   g. On May 13, 2020, Mayor Garcetti revised the March 19, 2020 Safer at Home Order, removing the May 15, 2020 end date and providing no set end date. See Safer at Home, Public Order Under City of Los Angeles Emergency Authority (updated May 13, 2020), available at https://www.lamayor.org/COVID19Orders.

   h. On May 28, 2020, the Court announced its Plan for Phased Resumption of Operations ("Reopening Plan"), which as three phases. C.D. Cal. General Order No. 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (May 28, 2020). Phase 1, implemented on June 1, 2020, involves the return of certain staff to the courthouses to prepare for limited in-court hearings. Reopening Plan at 2. Phase 2 involves reopening courthouses for limited in-court hearings and has been implemented as of June 22, 2020. Id. Phase 3 would call for the resumption of jury trials. The Reopening Plan does not specify an implementation date for Phase 3. Id. Moreover, the date determined for each Phase's implementation is subject to change based on the circumstances and directives from local, state and federal authorities. In addition,

the Court's COOP is extended and is to remain activated through the implementation of Phase 2.  Id.

      i.    To date, no juror summons have been issued.  There is no specified date for Phase 3, which would call for the resumption of jury trials, and it is unclear when jury trials resume, what the Court's capacity will be for hearing them.

      j.    One June 1, 2020, Mayor Garcetti revised the Safer at Home Order, encouraging residents to continue "to stay home as much as possible, to avoid gathering with others outside their households . . . , and to telework as much as possible," with exceptions for certain activities and types employees.  See Safer L.A., Public Order Under City of Los Angeles Emergency Authority (June 1, 2020) at 1, available at https://www.lamayor.org/COVID19Orders.  Official public health guidance continues to evolve on a near daily basis.

      k.    An ends-of-justice delay is apt here because defense counsel has represented to the government that due to COVID-related restrictions at Metropolitan Detention Center Los Angeles, defense counsel has been unable to meet with her client promptly.  In addition, it is unlikely that jury trials will resume by July 7, 2020, the currently scheduled trial date, and when jury trials resume, what the Court's capacity will be for hearing them.

      l.    In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that

failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  m. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  n. The government does not object to the continuance of the trial date.

  o. The requested continuance is not based on general congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 19, 2020 to February 2, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

8. By her signature below, defense counsel represents that she has spoken with defendant, has carefully discussed every part of this stipulation and the continuance of the trial date with defendant, has fully informed defendant of his Speedy Trial rights, and that defendant understands those rights and knowingly and voluntarily waives those rights to the extent of this continuance including defendant's right to be brought to trial earlier than February 2, 2021. Due to COVID-related restrictions at Metropolitan Detention Center Los Angeles where defendant is housed, defense counsel has been unable to obtain defendant's signature.

IT IS SO STIPULATED.

Dated: June 30, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/
RACHEL N AGRESS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

*/s/ Claire M. Simonich*
*(per email authorization)*
CLAIRE M. SIMONICH
Deputy Federal Public Defender
Attorney for Defendant
ANGEL PHILIP ANGULO, JR.