NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RACHEL N. AGRESS (Cal. Bar No. 281703)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0487
    Facsimile: (213) 894-6269
    E-mail:   rachel.agress@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00072-JAK |
|---|---|
| Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANGEL PHILIP ANGULO, JR., | **[PROPOSED] TRIAL DATE: [02-02-21]** |
| Defendant. | [PROPOSED] PRETRIAL STATUS CONFERENCE: [01-21-21] |

    The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on June 30, 2020, as well as the Central District of California's General Orders Nos. 20-02, 20-03, 20-05 and 20-08, and Orders of the Chief Judge Nos. 20-042, 20-043, 20-044 and 20-080 In Re: Coronavirus Public Emergency, and good cause appearing, the Court hereby finds as follows:

    1.    The Indictment in this case was filed on March 12, 2019. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on May 15, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 24, 2020.

2.   On May 15, 2020, the Court set a trial date of July 7, 2020 at 9:00 a.m. and a status conference date of June 25, 2020 at 8:30 a.m.

3.   Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately two to three days.

4.   Defendant is charged with violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii):  distribution of methamphetamine.  The government has produced or will produce discovery to the defense, including approximately 50 pages of written reports, photographs and text message communications, toll records, over 200 pages of documents related to defendant's criminal history including state conviction records, and approximately 20 pages of audio and video transcripts along with the underlying audio and video recordings, among other things.

5.   On March 13, 2020, the Central District of California Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020).  The Court subsequently continued that suspension through June 1, 2020.  C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Apr. 13, 2020).

6. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).

7. On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020), 20-044 (March 31, 2020), and 20-080 (June 26, 2020).

8. These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See General Order 20-02, at 1. The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. See Order of the Chief Judge No. 20-042, at 1-2.

9. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at

Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District are closed through the summer of 2020.

10. On May 13, 2020, Mayor Garcetti revised the March 19, 2020 Safer at Home Order, removing the May 15, 2020 end date and providing no set end date. See Safer at Home, Public Order Under City of Los Angeles Emergency Authority (updated May 13, 2020), available at https://www.lamayor.org/COVID19Orders.

11. On May 28, 2020, the Court announced its Plan for Phased Resumption of Operations ("Reopening Plan"), which as three phases. C.D. Cal. General Order No. 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (May 28, 2020). Phase 1, implemented on June 1, 2020, involves the return of certain staff to the courthouses to prepare for limited in-court hearings. Reopening Plan at 2. Phase 2 involves reopening courthouses for limited in-court hearings and has been implemented as of June 22, 2020. Id. Phase 3 would call for the resumption of jury trials. The Reopening Plan does not specify an implementation date for Phase 3. Id. Moreover, the date determined for each Phase's implementation is subject to change based on the circumstances and directives from local, state and federal authorities. In addition, the Court's COOP is extended and is to remain activated through the implementation of Phase 2. Id.

12. To date, no juror summons have been issued. There is no specified date for Phase 3, which would call for the resumption of

jury trials, and it is unclear when jury trials resume, what the Court's capacity will be for hearing them.

13.  One June 1, 2020, Mayor Garcetti revised the Safer at Home Order, encouraging residents to continue "to stay home as much as possible, to avoid gathering with others outside their households . . . , and to telework as much as possible," with exceptions for certain activities and types employees.  See Safer L.A., Public Order Under City of Los Angeles Emergency Authority (June 1, 2020) at 1, available at https://www.lamayor.org/COVID19Orders.  Official public health guidance continues to evolve on a near daily basis.

14.  Given the grave public-health concerns discussed in General Orders 20-02, 20-03, 20-05 and 20-08, and Orders of the Chief Judge Nos. 20-042, 20-043, 20-044 and 20-080 and given the facts set forth in the parties' Stipulation (which the Court incorporates fully by reference here), the Court finds that:  (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and adequate representation; and (iv) due to the impact of restrictions imposed by current public-health concerns as set forth in the parties' Stipulation, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits, and thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

15. The continuance is not based on general congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

Accordingly, the Court finds that the Stipulation demonstrates facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from July 7, 2020 to February 2, 2021 at 9:00 a.m. The pretrial status conference is continued to January 21, 2021 at 8:30 a.m.

2. The time period of June 29, 2020 to February 2, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

3. Defendant shall appear in Courtroom 10B of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on January 21, 2021 at 8:30 AM for the pretrial status conference and on February 2, 2021 at 9:00 a.m. for trial.

//
//
//
//
//
//
//

4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____          _____
DATE                              HONORABLE JOHN A. KRONSTADT
                                  UNITED STATES DISTRICT JUDGE

Presented by:

    /s/
_____
RACHEL N. AGRESS
Assistant United States Attorney