NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RACHEL N. AGRESS (Cal. Bar No. 281703)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0487
     Facsimile: (213) 894-6269
     E-mail:    rachel.agress@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 19-00072-JAK |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, CONFIDENTIAL INFORMANT INFORMATION AND/OR UNDERCOVER LAW ENFORCEMENT OFFICER INFORMATION |
| v. | |
| ANGEL PHILIP ANGULO, JR., | |
| Defendant. | |
| | PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Rachel N. Agress, and defendant ANGEL PHILIP ANGULO, JR. ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Claire M. Simonich (collectively with the government, the "parties"), for the reasons set forth below, hereby request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real

persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) material that may contain information within the scope of the Privacy Act, and (3) information related to confidential informant(s) and/or undercover law enforcement officer(s) who participated in the government's investigation and who may testify at trial.

<u>Introduction and Grounds for Protective Order</u>

1. Defendant is charged in this matter with two counts of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii):  distribution of methamphetamine.  Defendant is detained pending trial.

2. A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants or undercover law enforcement officers who participated in the government's investigation and who may testify at trial.  Because these materials could be used to identify the confidential informants or undercover law enforcement officers, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this

1 case and such information itself, in many instances, has evidentiary
2 value.  If the government were to attempt to redact all this
3 information in strict compliance with Federal Rule of Criminal
4 Procedure 49.1, the Central District of California's Local Rules
5 regarding redaction, and the Privacy Policy of the United States
6 Judicial Conference, the defense would receive a set of discovery
7 that would be highly confusing and difficult to understand, and it
8 would be challenging for defense counsel to adequately evaluate the
9 case, provide advice to defendant, or prepare for trial.
10      4.   An order is also necessary because the government intends
11 to produce to the defense materials that may contain information
12 within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act
13 Information").  To the extent that these materials contain Privacy
14 Act Information, an order is necessary to authorize disclosure
15 pursuant to 5 U.S.C. § 552a(b)(11).
16      5.   The purpose of the Protective Order is to (a) allow the
17 government to comply with its discovery obligations while protecting
18 this sensitive information from unauthorized dissemination, and
19 (b) provide the defense with sufficient information to adequately
20 represent defendant.
21      <u>Definitions</u>
22      6.   The parties agree to the following definitions:
23           a.   "CI Materials" includes any information relating to a
24 confidential informant's prior history of cooperation with law
25 enforcement or relating to an undercover law enforcement officer's
26 prior history of undercover activities, any information relating to a
27 confidential informant's or undercover law enforcement officer's
28 prior criminal history, statements, or any other information that

3

could be used to identify a confidential informant or undercover law enforcement officer, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

      b.   "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

      c.   "Confidential Information" refers to any document or information containing CI Materials or PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

      d.   "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

<u>Terms of the Protective Order</u>

7.   The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

4

       a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend, or a similar designation: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

       b.    If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

       c.    Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

       d.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

       e.    Notwithstanding the paragraph above, defendant may see and review CI Materials only in the presence of defense counsel, and defense counsel shall ensure that defendant is never left alone with any CI Materials.  With the exception of the files and the members of the Defense Team specified in footnote 1, if defense counsel wishes to enable defendant to review certain CI Materials in the presence of any person on the Defense Team other than defense counsel, defense

counsel shall submit a letter to government counsel of record (currently, Assistant United States Rachel N. Agress) identifying that person (the "designated person") and the specific CI Materials, and shall submit a copy of the protective order stipulation that has been signed by that designated person. Upon receipt of those materials, if the government, in its sole discretion, finds the designated person and the specific CI Materials acceptable, prior to the designated person reviewing any CI Materials with defendant, government counsel of record will confirm in writing that defendant is additionally allowed to review that specific CI Materials ("Approved CI Materials") in the presence of the designated person.[1] At the conclusion of any meeting with defendant at which defendant is permitted to view CI Materials, defendant must return any CI Materials to defense counsel or the designated person, who shall take all such materials with counsel or the designated person. Defendant may not take any CI Materials out of the room in which defendant is

---

[1] If defense counsel wishes to enable defendant to review the CI Materials specified in this footnote ("Footnote 1 Materials") in the presence of a retained expert on the Defense Team, the retained expert shall sign and provide to defense counsel a copy of the protective order stipulation, including initialing this footnote which states that the retained expert understands that: (i) at the conclusion of any meeting with defendant at which defendant is permitted to view CI Materials, defendant must return any CI Materials to the retained expert, who shall take all such materials with the retained expert; (ii) defendant may not take any CI Materials out of the room in which defendant is meeting with the retained expert; and (iii) at no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status. In addition, defense counsel must lodge a copy of the protective order stipulation that has been signed by the retained expert with the Court. The lodging may be made without notice to the government. "Footnote 1 Materials" are defined as audio recording files identified as Bates Nos. USA_000317 through USA_000320, and USA_000552, which will be produced as pursuant to the protective order entered in this case. No video recording files are included in Footnote 1 Materials.

6

meeting with defense counsel or the designated person.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

    f. Defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

    g. Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

    h. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  Defense counsel must be present whenever any CI Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness.  With the exception of the files and the witnesses specified in footnote 2, before being shown any portion of Confidential Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of

7

the Protective Order.[2]  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

       i.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  CI Materials shall not be left unattended in any vehicle.

       j.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies

---

[2] With respect to "Footnote 2 Materials," to the extent that defense counsel identifies witnesses who were present at the time of the recordings, those witness may be informed of, and agree _orally_ to be bound by, the requirements of the Protective Order before being played that portion of the audio recording.  These files are still subject to all other requirements in the Protective Order, including that defense counsel must be present whenever any CI Materials are being shown to a witness or potential witness, and no member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.  "Footnote 2 Materials" are defined as audio recording files identified as Bates No. USA_000317, in its entirety; Bates No. USA_000318, beginning at 35 seconds through the end of the recording; Bates No. USA_000319, beginning at 26 minutes 50 seconds through 27 minutes, 10 seconds and beginning at 43 minutes 25 seconds through 43 minutes 40 seconds, and 51 minutes 24 seconds through 51 minutes through 51 minutes 45 seconds, in the recording; and Bates No. 000320, beginning at 1 minute 1 second through 1 minute 21 seconds, 7 minutes 38 seconds through 8 minutes 30 seconds, which will be produced pursuant to the protective order entered in this case.

are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

   k. The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by a defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CI Materials or PII Materials, and make all reasonable attempts to limit the divulging of CI Materials or PII Materials.

   l. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

   m. The parties agree that if any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of the Protective Order.

   n. Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CI Materials to the government or certify that such materials have been destroyed. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

   o. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the

1  conclusion of appellate and post-conviction proceedings, for
2  (1) returning to the government, certifying the destruction of, or
3  retaining pursuant to the California Business and Professions Code
4  and the California Rules of Professional Conduct all PII Materials;
5  and (2) returning to the government or certifying the destruction of
6  all CI Materials.
7           p.   Defense counsel agrees to advise defendant and all
8  members of the Defense Team of their obligations under the Protective
9  Order and ensure their agreement to follow the Protective Order,
10 prior to providing defendant and members of the Defense Team with
11 access to any materials subject to the Protective Order.
12          q.   Defense counsel has conferred with defendant regarding
13 this stipulation and the proposed order thereon, and defendant agrees
14 to the terms of the proposed order.
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

r.  Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: August 31, 2020

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


          /s/
RACHEL N. AGRESS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


Dated: August 31, 2020

          /s/ (per email auhtorization)
CLAIRE M. SIMONICH
Deputy Federal Public Defender

Attorney for Defendant
ANGEL PHILIP ANGULO, JR.