NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RACHEL N. AGRESS (Cal. Bar No. 281703)
Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0487
    Facsimile: (213) 894-6269
    E-mail:   rachel.agress@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>ANGEL PHILIP ANGULO, JR.,<br>   aka "Bullet,"<br><br>    Defendant. | No. ED CR 19-00072-JAK<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ANGEL PHILIP ANGULO, JR. |

    1.   This constitutes the plea agreement between ANGEL PHILIP ANGULO, JR., also known as "Bullet" ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the

indictment in United States v. Angel Philip Angulo, Jr., ED CR No. 19-00072-JAK, which charges defendant with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

   b. Agree that all court appearances, including his change of plea hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-043 or another order, rule, or statute. Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

    i. Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with his initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

    ii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

    iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pre-trial release by VTC or telephone, if VTC is not reasonably available.

   c. Not contest facts agreed to in this agreement.

        d.   Abide by all agreements regarding sentencing contained in this agreement.

        e.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        h.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

        a.   Not contest facts agreed to in this agreement.

        b.   Abide by all agreements regarding sentencing contained in this agreement.

        c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.   Not charge a criminal history enhancement allegation or file an information against defendant pursuant to Title 21, United States Code, Section 851.  Defendant agrees, however, that at the

time of sentencing the Court may consider the facts that would give rise to such an criminal history enhancement allegation or information in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

  e. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

4. Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Distribution of Methamphetamine, in violation of Title 21, United States Code, Section 841, the following must be true: (1) first, the defendant knowingly distributed methamphetamine; and (2) second, the defendant knew that it was methamphetamine or some other federally controlled substance.  "Distributing" means delivering or transferring possession of methamphetamine to another person, with or without any financial interest in that transaction.

5. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 50 grams of methamphetamine.  Defendant admits that defendant, in fact, distributed at least 50 grams of methamphetamine, as described in count two of the indictment.

4

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a), (b)(1)(A)(viii) is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

8. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On October 3, 2018, in Riverside County, within the Central District of California, defendant knowingly and intentionally distributed approximately 102 grams of methamphetamine. Specifically, on the morning of October 3, 2018, defendant spoke to a person he believed was a drug broker, but who was in fact a confidential source working for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Defendant agreed to sell the confidential source approximately four ounces of methamphetamine for $700 later that day. That afternoon, defendant met in a commercial parking lot in Corona, California the confidential source and a person who defendant believed to be a customer, but who was in fact an undercover agent working for the ATF. Inside the undercover agent's car, defendant handed the undercover agent approximately 102 grams of methamphetamine in a clear plastic bag in exchange for $700. Defendant knew that the clear plastic bag contained methamphetamine.

On November 7, 2018 in Riverside County, within the Central District of California, defendant knowingly and intentionally distributed approximately 111 grams of methamphetamine to the same

undercover agent. Specifically, on November 6, 2018, defendant and the confidential source discussed the sale of narcotics and firearms. The confidential source texted defendant that the person defendant believed to be a customer from the first deal wanted to purchase another four ounces of methamphetamine. On November 7, 2018, defendant met the confidential source and the undercover agent in a commercial parking lot in Riverside, California. Inside the undercover agent's car, defendant handed the undercover agent approximately 110 grams of methamphetamine in a black plastic bag in exchange for $700. Defendant knew that the black plastic bag contained methamphetamine. At that meeting, defendant did not sell firearms to the undercover agent.

## SENTENCING FACTORS

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              32         U.S.S.G. § 2D1.1(a)(5)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. Indeed, the government intends to argue that the career offender provision apply to defendant, and defendant reserves the right to argue that they do not. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guidelines factors set forth above.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

    c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

19. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 29 and the criminal history category calculated by the

Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court;[1] the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

---

[1] In addition, the parties agree that, based on United States v. Magdirila, 962 F.3d 1152, 1158-59 (9th Cir. Jun. 23, 2020), at the time of sentencing, the Court should either strike condition 14 from the standard conditions of supervised release of General Order 20-04, or should impose a modified version of condition 14 that complies with Magdirila.

21.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 34 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug felony that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

12

### EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug felony that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a

writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

RACHEL AGRESS  *Digitally signed by RACHEL AGRESS Date: 2020.09.16 15:45:47 -07'00'*    9/16/2020
_____           _____
RACHEL N. AGRESS                      Date
Assistant United States Attorney

/s/ Claire Simonich for Angel Angulo    9/3/20
_____           _____
ANGEL PHILIP ANGULO, JR.              Date
Defendant

/s/ Claire Simonich                     9/3/20
_____           _____
CLAIRE SIMONICH                       Date
Deputy Federal Public Defender
Attorney for Defendant
ANGEL PHILIP ANGULO, JR.

16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*/s/ Claire Simonich for Angel Angulo*   9/3/20

ANGEL PHILIP ANGULO, JR.            Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ANGEL PHILIP ANGULO, JR.'s attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

*/s/ Claire M. Simonich*                                   9/3/20

CLAIRE SIMONICH                                            Date
Deputy Federal Public Defender
Attorney for Defendant
ANGEL PHILIP ANGULO, JR.