UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGEL PHILIP ANGULO, JR.,<br>  aka "Bullet,"<br><br>    Defendant. | No. ED CR 19-00072-JAK<br><br>ORDER RE GOVERNMENT'S EX PARTE APPLICATION FOR FINDINGS OF FACT PURSUANT TO THE CARES ACT (DKT. 50) |

Having read and considered the Government's Ex Parte Application for Findings of Fact Pursuant to the CARES Act (the "Application" (Dkt. 50)), and good cause appearing, the Court hereby FINDS AS FOLLOWS:

(1)  On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 (Coronavirus Disease) pandemic.  The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.  Health Officers from Los Angeles, Riverside, Orange, San Bernardino, Santa Barbara, San Luis

1

1  Obispo, and Ventura Counties subsequently issued local emergency
2  orders and proclamations related to public gatherings.
3       (2)  To date, hundreds of thousands of people within the Central
4  District of California have been infected with COVID-19 and the
5  number of those infected continues to rise.
6       (3)  The Centers for Disease Control and Prevention and other
7  public health authorities have recommended the public avoid social
8  gatherings and practice physical distancing between individuals to
9  slow the spread of COVID-19.  These social distancing guidelines --
10 which are essential to combatting the virus -- make in-person court
11 hearings especially challenging.
12      (4)  On March 27, 2020, Congress passed the Coronavirus Aid,
13 Relief, and Economic Security Act ("CARES Act"), which authorized the
14 Judicial Conference of the United States to provide authority to
15 Chief District Judges to permit certain criminal proceedings to be
16 conducted by video or telephonic conference.
17      (5)  Under § 15002(b) of the CARES Act, "if the Judicial
18 Conference of the United States finds that emergency conditions due
19 to the national emergency declared by the President under the
20 National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the
21 Coronavirus Disease 2019 (COVID–19) will materially affect the
22 functioning of either the Federal courts generally or a particular
23 district court of the United States, the chief judge of a district
24 court . . . specifically finds, upon application of the Attorney
25 General or the designee of the Attorney General, or on motion of the
26 judge or justice, that felony pleas under Rule 11 of the Federal
27 Rules of Criminal Procedure and felony sentencings under Rule 32 of
28 the Federal Rules of Criminal Procedure cannot be conducted in person

without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available."

(6) On March 29, 2020, the Judicial Conference of the United States made the appropriate findings as required under the CARES Act, finding specifically that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

(7) On March 29, 2020, the Chief Judge of this District also made the appropriate findings as required under the CARES Act, finding "that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. As a result, if judges in individual cases find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice, judges may, with the consent of the defendant or the juvenile after consultation with counsel, conduct those proceedings by video conference, or by telephonic conference if video conferencing is not reasonably available." On June 26, 2020, September 23, 2020, and December 17, 2020, the Court extended the findings and authorizations from Order of the Chief Judge No. 20-043 for additional 90-day increments. See

C.D. Cal. Order of the Chief Judge No. 20-080, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 1 (June 26, 2020); C.D. Cal. Order of the Chief Judge No. 20-097, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 2 (Sept. 23, 2020); C.D. Cal. Order of the Chief Judge No. 20-186, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings, at 2 (Dec. 17, 2020). The most recent Order provides that "the emergency authority granted under the CARES Act has not been terminated" and that the "authorizations granted in Order of the Chief Judge No. 20-043 continued to be warranted." Order of the Chief Judge No. 20-186, at 2.

(8) Through this order, I now find that the sentencing hearing in this case cannot be further delayed without serious harm to the interests of justice. My specific reasons are as follows:

    a. On March 23, 2020, the Chief Judge of this District activated The Continuity of Operations ("COOP") Plan for the Central District of California, closing courthouses in this district to the public except for hearings on criminal duty matters. C.D. Cal. Order of the Chief Judge No. 20-042, In Re: Coronavirus Public Emergency, Activation of the Continuity of Operations Plan (Mar. 19, 2020). The COOP Plan was in effect through and including June 22, 2020. On December 9, 2020, at 5:00 p.m., the Chief Judge reactivated the COOP Plan through and including January 8, 2021. C.D. Cal. Order of the Chief Judge No. 20-179, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan (Dec. 7, 2020). This order, issued in response to a surge in COVID-19 cases, once again

4

closed all courthouses in the district to the public except for hearings on criminal duty matters. Id. at 2. On January 6, 2021, the Court extended the COOP Plan through and including January 29, 2021. C.D. Cal. Order of the Chief Judge No. 21-002, In Re: Coronavirus Public Emergency, Extension of Continuity of Operations Plan (Jan. 6, 2021). The extension of the COOP Plan meant that, among other things, all courthouses in the district remained closed, no in-person hearings (except for criminal duty matters) could go forward, and jury trials are suspended. C.D. Cal. Order of the Chief Judge No. 21-002, In Re: Coronavirus Public Emergency, Extension of Continuity of Operations Plan (Jan. 6, 2021). Although the COOP Plan expired on January 29, 2021, it remains the case that "[u]ntil further notice, no jury trials will be conducted in criminal cases." Notice from the Clerk of the United States District for the Central District of California, "Amended Expiration of Continuity of Operations Plan" (Jan. 27, 2021), available at http://www.cacd.uscourts.gov/news/amended-expiration-continuity-operations-plan.

     b.   On May 28, 2020, the Court adopted The Plan for Phased Resumption of Operations ("Reopening Plan"), outlining three different phases:

        i. Phase 1 began on June 1, 2020. During this Phase, certain staff were permitted to return to this District's courthouses to prepare for limited in-court hearings.

        ii. Phase 2 began on June 22, 2020. During this Phase, individual judges had the discretion to hold in-court hearings in criminal matters, subject to the restrictions of the COOP Plan. Judges could also continue to hold hearings by video and telephonic conference. Nevertheless, judges were not permitted to conduct any

jury trials at this time.  Judges were also unable to hold in-person hearings in most civil matters.

   iii.  The final phase of the Reopening Plan, Phase 3, is yet to be implemented.  During this Phase, jury trials may resume.  As a practical matter, however, this District is unlikely to conduct a large number of jury trials -- and reach its former capacity -- until several months after the implementation of Phase 3.

  c. On April 9, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d).  The Judicial Council declared this emergency because, among other reasons, the Central District of California is one of the busiest judicial districts in the country.  As the Judicial Conference concluded, the exceptionally large number of cases pending in this District represents an emergency.  This District is authorized 27 permanent judgeships and one temporary judgeship, but has six vacancies.

  d. The ongoing COVID-19 pandemic will only exacerbate these serious problems.  The Central District of California will have a significant backlog of criminal hearings and trials when normal operations resume.  In addition, social distancing guidelines remain generally incompatible with in-person hearings.  Many parties, including defendants, counsel, and court staff, are unable or unwilling to attend in-person hearings due to legitimate safety concerns.  And transporting detained defendants to hearings may risk the spread of COVID-19 within detention facilities, and result in defendants being subject to quarantines.

  e. Given these facts, it is essential that judges in this District resolve as many matters as possible via video teleconference

6

and telephonic hearing.  By holding these hearings now, this District will be in a much better position to work through the backlog of criminal and civil matters when normal operations resume.

(9)  I therefore conclude that the sentencing hearing in this case cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

(10) The defendant consents to proceed with his sentencing hearing by video teleconference.  Defendant also understands that, under Federal Rules of Criminal Procedure 32 and 43, as well as the Constitution, he may have the right to be physically present at this hearing.  Defendant understands that right and voluntarily agrees to waive it and to proceed remotely by video teleconference.  Counsel joins in this consent, agreement, and waiver.

Based on the findings above, and my authority under § 15002(b) of the CARES Act, the sentencing hearing in this case will be conducted by video teleconference on February 25, 2021 at 12:00 p.m. At the outset of the hearing, defendant must make a knowing and voluntary waiver of defendant's right to an in-person hearing in order to proceed via video teleconference.

**IT IS SO ORDERED.**

February 24, 2021
DATE

John A. Kronstadt
United States District Judge